**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Case No. 26-cr-100 (ECT/DTS) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER**<br>**GOVERNING DISCOVERY** |
| Charles Wayne Healey (1),<br>Katherin Suzan Larsen-Guthmiller (2) | |
| Defendants. | |

---

Upon the unopposed motion of the government, Dkt. No. 23, pursuant to Fed. R. Crim. P. 16(d) and for good cause shown, it is hereby **ORDERED**:

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure. In this case, those disclosures include highly sensitive information, including bank and credit card records, tax records, and other documents and records containing personal financial information and personal identifiable information of parties and non-parties. The discovery also includes health care records, as well as evidence of physical and mental health diagnoses and heath care provider notes. The United States has shown good cause why the dissemination of the Protected Material should be limited. Therefore:

**IT IS HEREBY ORDERED** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that "Protected Material" as defined below shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose.

The Court further **ORDERS** as follows:

1.      "Protected Material" includes all information produced by the government in this case, except matters of public record, the defendants' own statements, criminal history information, and expert reports.

2.      Protected Material shall be held in strict confidentiality by defendants and defense counsel and may be used solely for purposes of this litigation.

3.      Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to a defendant in this action.

4.      All individuals having access to Protected Materials, including the defendants and any expert witnesses retained by the defendants, shall be informed of the terms of the Protective Order prior to disclosure.

5.      Use of the Protected Material covered by this Protective Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his counsel to sanctions.

6.      Any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures.

7.      Any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the Government within sixty (60) days of the conclusion of this litigation, including appeals.

8.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated: May 29, 2026                          s/ David T. Schultz_____
                                             DAVID T. SCHULTZ
                                             United States Magistrate Judge

2